UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

                              Chapter 7

PEPPY FAMILY RESTAURANT    Case No.: 6:17-bk-07779-CCJ
GROUP "LLC"

         Debtor.
_____/

**CREDITOR E GROUP HOSPITALITY, INC.'S MOTION
FOR RELIEF FROM THE AUTOMATIC STAY**

---

**NOTICE OF OPPORTUNITY TO
OBJECT AND REQUEST FOR HEARING**

Pursuant to Local Rule 2002-4, the Court will consider the relief requested in this paper without further notice or hearing unless a party in interest files a response within 21 days from the date set forth on the attached proof of service, plus an additional three days for service if any party was served by U.S. Mail.

If you object to the relief requested in this paper, you must file a response with the Clerk of the Court at George C. Young Federal Courthouse, 400 West Washington Street, Suite 5100, Orlando, FL 32801 and serve a copy on the movant's attorney, Michael A. Nardella, Esq., Nardella & Nardella, PLLC, 250 E. Colonial Dr., Ste 102, Orlando, FL 32801, and any other appropriate persons within the time allowed. If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing or consider the response and grant or deny the relief requested without a hearing.

If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

---

Secured creditor E Group Hospitality, Inc. ("E Group"), by and through its undersigned counsel, and pursuant to 11 U.S.C. § 362(d) and Fed. R. Bankr. P. 4001, moves this Court to enter an order granting E Group relief from the automatic stay and permitting the exercise of all statutory and contractual rights and remedies against it

collateral as held by Debtor, Peppy Family Restaurant Group, LLC ("Debtor'). In support thereof, E Group states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The statutory predicate for the requested relief is 11 U.S.C. § 362(d) and F.R.B.P. 4001 and 9014.

## BACKGROUND

3. On December 14, 2017, Debtor filed a voluntary petition for relief under Chapter 7 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq* (the "Petition Date").

4. Due to the execution of certain agreements, which are described in further detail below, Debtor is indebted to E Group due to its failure to remit certain sums to E Group.

5. Specifically, due to Debtor's failure to fulfill its obligations, there is currently $25,630.40 that is due and owing from Debtor to E Group. Additionally, interest at the rate of 18% continues to accrue on all past due amounts due to E Group.

6. However, as of the Petition Date, the Debtor has shut down and ceased the operation of its restaurant, there is no remaining value in the property used in the restaurant, and there is no remaining equity in this property for the trustee to distribute to creditors.

**PRE-PETITION LOAN DOCUMENTS**

7. On October 28, 2015, E Group and Debtor entered into a transaction in which E Group agreed to sell all assets of Paxia Modern Mexican & Tequila Bar (the "Assets") to Debtor.

8. Debtor, in order to finance its purchase of the Assets, entered into that certain promissory note on October 28, 2015 (the "Note"), with E Group in the original principal amount of $45,000.00. A true and correct copy of the Note is attached hereto as **Exhibit "A."**

9. Further, in order to secure payment of the Note, E Group and Debtor entered into a Security Agreement on October 28, 2015 (the "Security Agreement"). The Security Agreement granted a first lien and security interest in all the Assets, including tangible and intangible personal property owned and used in connection with the restaurant, including all furniture, fixtures and equipment listed on Schedule A, which is attached to the Security Agreement, together with all substitutions and replacements, the product inventory of the restaurant, accounts receivable, and all records as a going concern (the "Collateral"). A true and correct copy of the Security Agreement and Schedule A is attached hereto as **Exhibit "B."**

10. Finally, on November 4, 2015, to further secure payment of the Note, E Group recorded a State of Florida Uniform Commercial Code Financing Statement Form with the Florida Secured Transaction Registry, with filing number 201505628731 (the "UCC"). The UCC covers the Collateral. A true and correct copy of the UCC is attached hereto as **Exhibit "C."**

11. The Collateral described in the Security Agreement and the UCC consists of a blanket lien on all property belonging to Debtor, which property constitutes the Collateral.

12. The Collateral is currently sitting unused in the Debtor's former restaurant space. The Collateral is deteriorating in value.

13. The Debtor is now in default on its obligations under the Note, including but not limited to defaults for failure to make payments when due.

## MEMORANDUM OF LAW

## 11 U.S.C. § 362(d)(1) & (2)

14. By the instant motion, E Group seeks the entry of an order modifying, terminating, or annulling the automatic stay, pursuant to 11 U.S.C. § 362(d)(1) and (2), to permit E Group to exercise all of its rights and remedies with respect to the Collateral.

15. Pursuant to 11 U.S.C. § 362(d)(1), the automatic stay may be terminated for cause, such as a lack of adequate protection of an interest in property of such party in interest. Cause may also exist where a debtor has failed to pay its secured creditor for a substantial period of time, whether prepetition or postpetition, coupled with a substantially unsupported proposal to satisfy the secured debt after plan confirmation. *In re LDN Corp.*, 191 B.R. 320, 324 (Bankr. E.D. Va. 1996).

16. In the instant matter, Debtor has failed to pay the payment due under the Note and has filed for liquidation. Th Debtor is not operating and cannot provide adequate protection.

17. Pursuant to 11 U.S.C. § 362(d)(2)(A), stay relief should be granted where the debtor possesses no equity in the underlying property and the property is not necessary for an effective reorganization.

18. In the instant matter, E Group is a secured creditor with a first priority lien against the Collateral and there is no equity in the Collateral such that it cannot be liquidated to satisfy Debtor's liabilities.

19. Additionally, Debtor is not currently operating the restaurant and has no use for the Collateral and no chance of any reorganization.

**WHEREFORE**, E Group respectfully requests that this Court enter an order immediately modifying and terminating the automatic stay to permit E Group to exercise all of its statutory and contractual rights and remedies in and to the Collateral, including judicial or non-judicial foreclosure of the Collateral, and granting such other and further relief as the Court deems appropriate.

Dated this 30th day of May, 2018.

Respectfully submitted,

*/s/ Michael A. Nardella*
Michael A. Nardella, Esq.
Florida Bar No.: 51265
**NARDELLA & NARDELLA, PLLC**
250 E. Colonial Drive, Suite 102
Orlando, FL 32801
(407) 966-2680
mnardella@nardellalaw.com
afebres@nardellalaw.com

**COUNSEL FOR CREDITOR,
E GROUP HOSPITALITY, INC.**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via the Court's CM/ECF electronic service and/or US Mail, postage prepaid, to the Debtor Peppy Family Restaurant Group, LLC, 13960 Caywood Pond Dr Windermere, FL 34786, Debtor's counsel L. Todd Budgen, Esq., Budgen Law Group, P.O. Box 520546, Longwood, FL 32752-0546, tbudgen@mybrankruptcyfirm.com; U.S. Trustee, George C. Young Federal Building, 400 West Washington Street, Suite 1100, Orlando, FL 32801; the Trustee Emerson C. Noble, Trustee, P.O. Box 622798, Oviedo, FL 32762-2798; and to all other parties participating in CM/ECF in this case, this 30th day of May, 2018.

*/s/ Michael A. Nardella*
Michael A. Nardella, Esq.